**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ME2 PRODUCTIONS, INC.,

        Plaintiff(s),

v.

JOHN AND JANE DOES,

        Defendant(s).

Case No. 2:17-cv-00126-JCM-NJK

ORDER

(Docket Nos. 11, 12)

Pending before the Court is Plaintiff's motion (1) to eliminate the deadline to amend the complaint, (2) to alternatively extend the time to amend the complaint, and (3) to extend the time to effectuate service. Docket No. 11. Plaintiff also filed a motion for a hearing. Docket No. 12. For the reasons discussed below, the motion to eliminate the deadline to amend is **DENIED**, the motion to extend the deadline to amend the complaint is **GRANTED** in part, and the motion to extend the deadline to effectuate service is **GRANTED**. The Court finds a hearing unnecessary, *see* Local Rule 78-1, so the motion for a hearing is **DENIED**.

**I.     ELIMINATING DEADLINE TO AMEND**

The Court set a deadline for Plaintiff to amend the complaint to add the identities of the Doe defendants. *See* Docket No. 7; *see also* Docket No.10 (extending deadline). Plaintiff moves to "eliminate the Court's self-imposed deadline." Docket No. 11 at 4. Plaintiff questions the Court's authority to set a deadline to amend the complaint. *See id.* at 4-5. In particular, Plaintiff argues that it is allowed unlimited time to amend the complaint as a matter of course so long as no defendant has filed

a responsive pleading. *See id.* (citing Fed. R. Civ. P. 15(a)(1)(B)). Plaintiff argues by extension that the Court necessarily abuses its discretion by setting a deadline to amend the complaint at a time before any defendant has done so. *See id.* Plaintiff is incorrect.

As this Court has noted previously, where the identity of defendants is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities of the defendants, or that the complaint would be dismissed on other grounds. *See, e.g.*, *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Plaintiff has presented no legal authority that a plaintiff must be given an indefinite period of time to conduct that discovery, however. Instead, the plaintiff must conduct the necessary discovery to identify those defendants and then "proceed with [its] claim." *Gillespie v. Civiletti*, 629 F.2d 637, 643 (9th Cir. 1980). To that end, courts routinely reject attempts to proceed on claims against Doe defendants when the plaintiff has not amended the complaint with their true names within a reasonable time. *See Petty v. County of Franklin, Ohio*, 478 F.3d 341, 345-46 (6th Cir. 2007) (affirming dismissal of claims); *see also Garcia v. Clark County*, 428 Fed. Appx. 706, 708-09 (9th Cir. 2011) (affirming denial of leave to amend); *Chenault v. San Ramon Police Dept.*, 2016 WL 4702653, at *2 (N.D. Cal. Sept. 8, 2016) (entering summary judgment); *Briggs v. Faulhaber*, 2015 WL 9690236, at *8 (D. Id. Dec. 7, 2015), *adopted*, 2016 WL 126352 (D. Id. Jan. 11, 2016) (dismissing claims); *Houser v. Ryan*, 2015 WL 1288123, at *4 (D. Ariz. Mar. 19, 2015) (dismissing claims); *Hoang Minh Tran v. Gore*, 2012 WL 5511765, at *9 (S.D. Cal. Nov. 14, 2012) (dismissing claims); *Penigar v. County of San Bernardino*, 2012 WL 12878320, at *3 n.3 (C.D. Cal. Apr. 12, 2012) (denying request for leave to amend); *Gangstee v. County of Sacramento*, 2012 WL 112650, at *1 n.1 (E.D. Cal. Jan. 12, 2012) (dismissing claims); *Kalinkin v. Robinson*, 2010 WL 5158386, at *4-5 (D. Or. Dec. 14, 2010) (denying request for leave to amend); *Walker v. Rodriguez*, 2010 WL 424614, at *5 (E.D. Wash. Feb. 1, 2010) (dismissing claims). Not surprisingly given that authority, courts are permitted to set deadlines to ensure a plaintiff is sufficiently moving its case forward with respect to Doe defendants. *See, e.g.*, *Rich v. Wexford Health Solutions*, 2011 WL 53064, at *3, 4 (D. Ariz. Jan. 7, 2011) (providing 60 days to discover identity of Doe defendants, and instructing the Clerk's Office to dismiss such claims absent the filing of a notice of substitution by that date).

Plaintiff argues that the Court's authority to manage its docket espoused by these cases does not exist so long as no defendant has filed a responsive pleading. In particular, Plaintiff argues that it is permitted to amend its complaint as a matter of course up to 21 days after the filing of an amended complaint. Docket No. 11 at 4-5. Nothing in the text of Rule 15 leads to the Court to believe that this well-settled authority discussed above does not apply simply because the Doe defendants sued in this case have not yet appeared.[1] Rule 15 provides that a plaintiff may amend as a matter of course before a responsive pleading is filed, but it does not state that the Court must allow an indefinite period to do so. *See* Fed. R. Civ. P. 15(a)(1).[2] Moreover, Plaintiff's position fails to acknowledge other sources of a federal court's authority:

> Federal Courts have broad inherent powers to manage their own affairs to achieve the orderly and expeditious disposition of cases. Both Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure permit a judge to dismiss a case when the plaintiff fails to prosecute. The 1983 amendments to Rule 16 make clear that the rule is broadly remedial and its purpose is to encourage forceful judicial management. Moreover, under Rule 41 the district court has authority to order a party to take actions that aid the speedy resolution of a case, and to dismiss the party if it fails to comply with the court order.

*Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (*per curiam*) (internal quotations and citations omitted). Plaintiff's position is plainly inconsistent with the authority of the Court to dismiss

---

[1] None of the cases cited by Plaintiff involves circumstances like those at issue here. For example, Plaintiff contends the undersigned addressed "this very question" a few days ago, *see* Docket No. 11 at 5, but it cites a *pro se* prisoner civil rights case in which the Court construed liberally a motion for leave to amend as an amended complaint filed as a matter of course. *See Saintal v. Pesce*, 2017 U.S. Dist. Lexis 58143 (D. Nev. Apr. 17, 2017). That case did not involve Doe defendant discovery or even a deadline to amend that had been set by the Court. The other cases cited are similarly lacking analogous circumstances or any discussion whatsoever regarding whether federal courts are empowered to set a deadline to amend the complaint as a matter of course. *See Schreiber Dist'g Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (addressing amendment following granting of motion to dismiss); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (addressing ability to amend as a matter of course in passing and in *dicta* before resolving whether leave to amend should have been granted); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (same).

[2] Plaintiff's interpretation of Rule 15 is especially strained in the context of a case against only Doe defendants. As Plaintiff acknowledges, it does not serve these defendants until they are identified in an amended complaint. Docket No. 11 at 7. As a result, there will be no responsive pleading to trigger this deadline to amend until after there has already been an amended complaint. Hence, Plaintiff's reading of the rule is that there would be no deadline until after the need for the deadline is moot.

1  claims for failure to prosecute under Rule 41(b).  *See Link v. Wabash RR Co.*, 370 U.S. 626, 629-30
2  (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of
3  his failure to prosecute cannot seriously be doubted.  The power to invoke this sanction is necessary in
4  order to prevent undue delays in the disposition of pending cases and to avoid congestion in the
5  calendars of the District Courts"); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts
6  "may act *sua sponte* to dismiss a suit for failure to prosecute").  Moreover, as Plaintiff implicitly
7  recognizes by also seeking to extend the service deadline in its motion, the failure to amend the
8  complaint to add Doe defendants within 90 days by necessity runs afoul of the requirement to serve the
9  complaint within that time frame pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  *Petty*,
10 478 F.3d at 345-46; *see also Urias v. Quiroz*, 895 F. Supp. 262, 264 (S.D. Cal. 1995) (dismissing Doe
11 defendants *sua sponte* for lack of service).

12 Accordingly, the Court rejects Plaintiff's contention that it is entitled to an indefinite period of
13 time to file an amended complaint identifying the Doe defendants and, similarly, that the Court lacks
14 the legal authority to set a deadline to do so.

15     B.    <u>Extension of Deadline to Amend</u>

16 Plaintiff next seeks an extension of the deadline to file the amended complaint.  The Court may
17 extend deadlines upon a showing of good cause.  Fed. R. Civ. P. 6(b)(1).  Plaintiff seeks an extension
18 of time to amend the complaint to June 26, 2017.  Docket No. 11 at 9.  Plaintiff contends that such
19 additional time is needed because Charter Communications has not provided the discovery sought to
20 identify some of the Doe defendants.  *See id.* at 6.  To that end, Plaintiff has attached correspondence
21 with Charter Communications indicating that it expects to respond to Plaintiff's subpoena by May 8,
22 2017.  Docket No. 11-1 at 2.  Given the circumstances, the Court finds that there is good cause to extend
23 the deadline for Plaintiff to amend the complaint to May 22, 2017.

24 **II.    DEADLINE TO EFFECTUATE SERVICE**

25 Where good cause is shown, the time for serving the complaint is extended for an appropriate
26 period.  *See* Fed. R. Civ. P. 4(m).  As outlined above, Plaintiff has faced delays in discovering the
27 identities of some of the Doe defendants.  The motion establishes sufficient cause to extend the time for
28 effectuating service and the Court will extend the deadline to do so to June 26, 2017.

4

## III. CONCLUSION

For the reasons discussed above, the motion to extend the deadline to amend the complaint is **GRANTED** in part and that deadline is **EXTENDED** to May 22, 2017. The alternative request to eliminate such deadline is **DENIED**. The motion to extend the deadline to effectuate service is **GRANTED** and that deadline is **EXTENDED** to June 26, 2017. The motion for a hearing is **DENIED**.

IT IS SO ORDERED.

DATED: April 27, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge